IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| In re Daimon William Jacobs,<br><br>    Debtor.<br>_____<br><br>DAIMON WILLIAM JACOBS,<br><br>    Appellant,<br>v.<br><br>PATRICK J. MALLOY, III,<br>TRUSTEE,<br><br>    Appellee. | Case No. 24-CV-429-CVE-JFJ<br><br>Bankruptcy Case No. 21-10658-M |

## OPINION AND ORDER

Before the Court is a pro se filing by Daimon William Jacobs ("Debtor") styled "Appellant's Brief in Support of Appeal of Bankruptcy Court's Order Denying Stay Pending Appeal" (ECF No. 6), which the Court construes as a motion to stay pursuant to Federal Rule of Bankruptcy Procedure 8007(b) ("Motion to Stay").[1] The motion is automatically referred to the undersigned pursuant to N.D. Okla. LCvR 72-1(b). For reasons explained below, the motion is **DENIED**.[2]

---

[1] As argued by Chapter 7 Trustee Patrick J. Malloy ("Trustee"), Debtor did not perfect an "appeal" of the order denying stay. See ECF No. 3 (Notice of Appeal describing bankruptcy court orders being appealed). However, Trustee does not object to treating this filing as a motion to stay filed in the appellate court pursuant to Rule 8007(b)(1). See ECF No. 11 at 2 ("Given the Debtor's pro se status, [Trustee] does not object to this pleading being treated as a motion for stay in this Court."). Debtor appears to agree with this treatment in his reply brief, which he styled as "Debtor's Motion for Stay Pending Appeal in Response to Doc. No. 11." ECF No. 13.

[2] Because this motion is a nondispositive matter, it may be ruled on by Order rather than a Report and Recommendation. See Fed. R. Civ. P. 72(a).

I.      **Background**

Debtor filed a voluntary petition for relief pursuant to chapter 7 of the bankruptcy code. He claimed as exempt a Solera National Bank checking account ending in #0319 ("Disputed Account").[3] Trustee objected to exemption of any funds in the Disputed Account. In partial summary judgment rulings, Chief United States Bankruptcy Judge Terrence L. Michael granted summary judgment in favor of Trustee on limited issues. Specifically, the bankruptcy court found that Roth IRA Rollover funds in the amount of $42,033.93 and 401k Loan Proceeds in the amount of $48,500 were property of the estate and were not exempt under state or federal law. *See In re Jacobs*, 648 B.R. 403, 422-32 (Bankr. N.D. Okla. 2023) ("*Jacobs I*"); *In re Jacobs*, 2023 WL 7381497, at *4-5 (Bankr. N.D. Okla. Nov. 7, 2023) ("*Jacobs III*"). The bankruptcy court conducted an evidentiary hearing on whether the remaining funds in the Disputed Account, which totaled $107,772.51, were property of the estate and, if so, whether they were exempt under Oklahoma law. *In re Jacobs*, 662 B.R. 376, 380 (Bankr. N.D. Okla. 2024) ("*Jacobs IV*").

On August 29, 2024, the bankruptcy court ruled in favor of Debtor that the remaining funds were not property of the estate. *Id.* at 405. The court found no cause to revisit or alter its prior ruling regarding the Roth IRA Rollover funds, despite Debtor's amendments to his exemption claims. *Id.* at 401-403. In declining to reconsider, the court noted that (1) its rulings in *Jacobs I* and *Jacobs III* were based on admitted facts; (2) Debtor was attempting to "present a completely new and conflicting story" in seeking reconsideration; and (3) Debtor provided no objective documentary evidence in support of his new version, other than a "self-drafted" accounting. *Id.* at

---

[3] The original balance of Disputed Account on the Petition Date was $198,306.44, consisting of $42,033.93 in Roth IRA Rollover funds and $156,272.51 in Traditional IRA Rollover funds. *See In Re Jacobs*, 662 B.R. 376, 380 n.7 (Bankr. N.D. Okla. 2024) ("*Jacobs IV*") (reciting procedural history of case).

2

403. *Jacobs IV* became the bankruptcy court's final appealable order, and Debtor filed a notice of appeal in this Court on September 12, 2024. ECF No. 3.

On September 11, 2024, Debtor filed a motion to stay pending appeal in the bankruptcy court, ECF No. 11-2, which was denied on September 18, 2024, ECF No. 11-1. On September 19, 2024, Debtor filed the currently pending Motion to Stay in this Court, pursuant to Federal Rule of Bankruptcy Procedure 8007(b)(1). Debtor seeks to stay enforcement of the bankruptcy court's summary judgment rulings in favor of Trustee that the Roth IRA Rollover funds and the 401k Loan Proceeds are non-exempt property of the bankruptcy estate.

## II. General Legal Standards Governing Rule 8007(b) Motions to Stay

Federal Rule of Bankruptcy Procedure 8007(a) allows a party to file a motion to stay pending appeal in the bankruptcy court, either before or after an appeal is filed. Fed. R. Bankr. P. 8007(a). Rule 8007(b)(1) allows a party to file a motion to stay in the court where an appeal is pending. If a movant first seeks a stay from the appellate court, he must show that "moving first in the bankruptcy court would be impracticable." *Id.* 8007(b)(2)(A). When a movant seeks a stay from both courts, he must inform the appellate court that either "the [bankruptcy] court has not yet ruled on the motion, or state that the [bankruptcy] court has ruled and set out any reasons given for the ruling." *Id.* 8007(b)(2)(B). A motion before the appellate court must include the movant's reasons for granting the relief and facts relied on; affidavits or other sworn statements supporting disputed facts; and relevant parts of the record. *Id.* 8007(b)(3)(A)-(C).

Rule 8007 is silent as to the legal standard applicable to a motion to stay filed in the appellate court pursuant to Rule 8007(b)(1). Courts within the Tenth Circuit take different approaches. Some courts, including two in this district, have analyzed the relevant factors de novo. *See In re Abengoa Bioenergy Biomass of Kansas, LLC*, 589 B.R. 731, 741 (D. Kan. 2018)

3

(analyzing stay factors and stating that court "owes no deference to the Bankruptcy Court's decision" but could "nevertheless look to the Bankruptcy Court's decision to inform its analysis"); *In re Renfrow*, No. 21-cv-00228-JED-SH, 2021 WL 4907180, at *3-4 (N.D. Okla. Oct. 21, 2021) ("The undersigned . . . reviews Defendants-Appellants' motion to stay anew, as opposed to treating the matter as an appeal of the Bankruptcy Court's denial of Defendants' prior motion."); *Grogan Trustee of Cole v. Renfrow*, No. 19-CV-248-TCK-FHM, 2019 WL 2764404, at *1-2 (N.D. Okla. July 2, 2019) ("In the present case, the court is not reviewing the Bankruptcy Court's denial of a stay. The court is deciding the motion anew, applying the same factors considered by the Bankruptcy Court."). Other courts have treated a "motion to stay" filed under Rule 8007(b) as an appeal and reviewed the bankruptcy court's denial for "an abuse of discretion." *See In re Paige*, No. 09MC869, 2009 WL 3418156, at *3 (D. Utah Oct. 16, 2009) (concluding that "the better reasoned approach is to apply an abuse of discretion standard"); *In re Neighbors*, No. 16-2003, 2016 WL 8671890, at *1 n.2 (D. Kan. Apr. 29, 2016); *Morreale v. 2011-SIP-1 CRE/CADC Venture, LLC (In re Morreale)*, No. 15-cv-0008, 2015 WL 429502, at *1 (D. Colo. Jan. 30, 2015).

Following courts in this district, the Court concludes that an appellate court faced with a Rule 8007(b)(1) motion must decide all issues de novo, regardless of whether the bankruptcy court has previously ruled on a motion to stay. This is consistent with Rule 8007's scheme, which permits motions to be filed before an appellate court in the first instance or during the pendency of a motion being decided by the bankruptcy court. *See In re Renfrow*, 2021 WL 4907180, at *4. It is also consistent with the law interpreting Federal Rule of Appellate Procedure 8, which provides that an appellate court considers a motion to stay pending appeal de novo instead of showing deference to the lower court's application of the stay factors. *Id.* (citing *Priorities USA v. Nessel*, 978 F.3d 976, 982 (6th Cir. 2020)).

4

The Court also finds this approach consistent with reasoning in *In re Lang*, 305 B.R. 905 (B.A.P. 10th Cir. 2004), which is the case relied on by Trustee for application of an abuse of discretion standard. *See* ECF No. 11 at 3. In that case, the movant filed a direct appeal of the bankruptcy court's stay order, rather than a new motion to stay before the appellate court under Rule 8007(b)(1). *Id.* at 910-11. The court applied an abuse of discretion standard in its review of the bankruptcy court's order. *Id.* at 911. In a footnote, that court noted that it was puzzled by the movant's choice to "appeal" the ruling rather than file a new motion to stay pursuant to Rule 8005, Rule 8007's predecessor. *Id.* at 911 n.31. The court noted that "[g]iven the ability of a litigant to renew (and argue de novo) his or her request for a stay, it is difficult to understand the utility of seeking review of the lower court's decision." *Id.* Thus, *In re Lang* actually supports the conclusion that a movant may "argue de novo" a motion to stay before the appellate court, and that the abuse of discretion standard applies only to an appeal of a bankruptcy court's ruling. Here, the Court construes the filing as a new motion, rather than an appeal of the bankruptcy court's order.[4] It is therefore appropriate to consider issues raised in the Motion to Stay de novo, without deference to the bankruptcy court's findings.

### III. Analysis

Courts consider the following factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[4] For reasons explained *supra* n.1, the Court finds the motion is properly construed as a Motion to Stay. This will cause no prejudice to Debtor, because the Court is applying the more beneficial de novo standard to his motion.

*Nken v. Holder*, 556 U.S. 418, 434 (2009). "The first two factors are the . . . most critical." *Id.* "A stay is not a matter of right . . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433 (cleaned up). The movant bears the burden of demonstrating a stay is justified. *Id*. at 433-34; *see also In re Morreale*, 2015 WL 429502, at *1 (describing this burden as "heavy"). A motion to stay should only be granted where all four factors have been satisfied. *In re Renfrow*, 2021 WL 4907180, at *5.

To meet his burden on the first element, it is insufficient for Debtor to demonstrate a "mere possibility of relief" or that his "chance of success on the merits [is] better than negligible." *Nken*, 556 U.S. at 434 (cleaned up). It is also insufficient for Debtor to raise "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *In re Renfrow*, 2021 WL 4907180, at *5 (quoting *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996)). Instead, Debtor must make a "strong showing that he is likely to succeed on the merits." *Nken*, 556 U.S. at 434.[5]

Debtor argues he has a strong likelihood of success on appeal because: (1) the court misapplied the bankruptcy code, (2) the court misinterpreted the Internal Revenue Code, (3) the court improperly relied on Debtor's post-bankruptcy petition actions, and (4) the court failed to consider whether Trustee missed an objection deadline to one of his many amendments to his exemption claims. *See* ECF No. 6 at 4-9.

---

[5] Debtor may not rely on any "relaxed" version of the first element. In *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281-82 (10th Cir. 2016), the Tenth Circuit held that "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible" in the preliminary injunction context. Courts have extended the holding in *Jewell* to the context of a motion to stay pending appeal. *See Pueblo of Pojoaque v. New Mexico*, 233 F. Supp. 3d 1021, 1092-93 (D.N.M. 2017); *Abengoa*, 2018 WL 1613667, at *3; *In re Renfrow*, 2021 WL 4907180, at *5.

Upon consideration of these arguments, and review of the relevant portions of the bankruptcy court's orders regarding the Roth IRA Rollover funds and the 401k Loan Proceeds, Debtor falls short of making a strong showing that he is likely to succeed on any of the arguments.[6] Regarding the Roth IRA rollover funds, Debtor originally conceded that the relevant transfer occurring on January 19, 2021, was considered an invalid rollover by the IRS. *Jacobs I*, 648 B.R. at 424. This admitted fact led to the bankruptcy court's legal conclusion that the funds became non-exempt property of the bankruptcy estate. *Id.* Debtor cites *Patterson v. Shumate*, 504 U.S. 753 (1992), as support for the stay. ECF No. 6 at 2. However, the bankruptcy court acknowledged *Patterson*'s general holding that funds held in retirement plans that are subject to ERISA's anti-alienation provisions are within the purview of § 541(c)(2), but also explained that funds distributed pre-petition lose that protection and become estate property. *Jacobs I*, 648 B.R. at 422. In *Jacobs IV*, the bankruptcy court again addressed these issues, explained its conclusion was based on an admission by Debtor, and rejected Debtor's attempt to present new facts after receipt of an unfavorable ruling. *Jacobs IV*, 662 B.R. at 403. Debtor has not made a strong showing that the bankruptcy court committed legal or factual error regarding the Roth IRA Rollover funds.

Regarding the 401k Loan Proceeds, the bankruptcy court analyzed the factual characteristics of the loan transaction occurring on May 31, 2021, and concluded that "[t]he $48,500 401k Loan Proceeds that remained in the Disputed Account on the Petition Date were no longer in any pension or retirement plan that could support an exclusion under § 541(c)(2)." *Jacobs I*, 648 B.R. at 428. Therefore, the court concluded those proceeds also became property of the bankruptcy estate. *Id.* Debtor appears to be raising legal challenges to these conclusions,

---

[6] The relevant decisions include portions of *Jacobs I*, 648 B.R. at 422-32; *Jacobs III*, 2023 WL 7381497, at *4-5; and *Jacobs IV*, 662 B.R. at 401-403.

including misapplication of I.R.C. § 408(d)(3), misapplication of the "Snapshot" rule, and the Trustee's procedural failure to object to Debtor's final Schedule C amendment. Upon review of the bankruptcy court's reasoning and the basic explanations provided by Debtor in the Motion to Stay, Debtor has failed to make the type of "strong showing" that would warrant the remedy of staying the bankruptcy court's rulings. Instead, as the bankruptcy court reasoned in its own denial of a motion to stay, it appears Debtor is making arguments that were considered and rejected based on undisputed facts or settled bankruptcy principles. *See* ECF No. 11-1 at 5. The Court also agrees with the bankruptcy court that Debtor has not pointed to issues "raised in the Appeal where courts are split on a controversial legal issue." *Id*.

The Court will consider all factual and legal arguments raised on appeal based on the full record. At this stage, however, Debtor has not made the required showing. Because Debtor has not shown a likelihood of success on his appeal, the Court denies the motion without addressing the remaining stay factors. *See In re Renfrow*, 2021 WL 4907180, at *5 ("[O]nly when the movant has satisfied all four factors should a court grant [a] motion to stay."); *7-eleven, Inc. v. Sodhi*, No. 13-3715, 2017 WL 466514, at *2 (D.N.J. Jan. 31, 2017) ("If the movant fails to demonstrate a likelihood of success on the merits, the Court may deny the motion and decline to analyze any of the remaining three factors.").

### IV.  Conclusion

Appellant's motion to stay pending appeal (ECF No. 6) is **DENIED**.

**SO ORDERED** this 4th day of November, 2024.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

8